J. S45020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAQUILLE RIVERA, | : | |
| | : | |
| Appellant | : | No. 1586 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002310-2014
CP-11-CR-0002311-2014

BEFORE: OLSON, J., DUBOW, J. AND PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                  **FILED SEPTEMBER 7, 2016**

Appellant, Shaquille Rivera, appeals from the Order entered in the Cambria County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, Gregory J. Neugebauer, Esquire, has filed a Petition to Withdraw and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Attorney Neugebauer's Petition to Withdraw and affirm.

---

[*] Retired Senior Judge Assigned to the Superior Court.

On February 5, 2015, Appellant entered open guilty pleas to one count of Possession of a Controlled Substance With Intent to Deliver ("PWID") and one count of Persons Not to Possess Firearms.[1]  The same day, the trial court imposed a term of 6 to 12 months' incarceration for the PWID conviction, and a consecutive term of 3 to 6 years' incarceration for the Persons Not to Possess Firearms conviction.  Appellant did not file a direct appeal.  His Judgment of Sentence, therefore, did not become final until March 9, 2015.[2]  *See* 42 Pa.C.S. § 9545(b)(3).

On February 20, 2015, Appellant filed the instant *pro se* PCRA Petition, averring that his plea counsel had been ineffective and that his sentence is excessive and illegal.  On March 25, 2015, the PCRA court dismissed Appellant's PCRA Petition and indicated that it intended to treat the filing as a Post-Sentence Motion.  However, on May 15, 2015, the PCRA court appointed Attorney Neugebauer as counsel and subsequently vacated its March 25, 2015 Order, thus treating the filing as a timely PCRA Petition.[3]

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 6105, respectively.

[2] March 7, 2015, was a Saturday.  *See* 1 Pa.C.S. § 1908.

[3] Although Appellant's *pro se* PCRA Petition was filed prematurely, the trial court nonetheless treated it as timely filed and denied it on the merits.  In light of the unique procedural posture of this case, the fact that the Commonwealth did not object and has not sought to quash the Petition or this appeal, and in recognition of the fact that the window for filing a timely PCRA Petition has closed, in the interest of judicial economy and fundamental fairness, we will not quash this appeal as untimely.

The PCRA court held a hearing and on September 15, 2015, dismissed Appellant's Petition, concluding that the underlying claims lacked merit based on Appellant's statements at the PCRA hearing and the colloquies at Appellant's plea offer hearing and sentencing. Appellant filed a Notice of Appeal on October 6, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant's sole issue raised in his Rule 1925(b) Statement was stated as follows: "The PCRA [c]ourt erred when it found that [t]rial [c]ounsel was not ineffective for failing to properly advise [Appellant] that he could receive consecutive sentences." Appellant's Pa.R.A.P. 1925(b) Statement, filed 10/23/15.

On January 19, 2016, Attorney Neugebauer filed a **Turner**/**Finley** no-merit letter in the form of an Appellant's Brief, noting Appellant's desire to challenge the effective assistance of plea counsel. Counsel, however, concluded that there were no non-frivolous issues to be raised on appeal. On January 20, 2016, Attorney Neugebauer filed with this Court a Petition to Withdraw.[4]

Appellant responded to Attorney Neugebauer's Petition to Withdraw in a letter filed with this Court on March 16, 2016. In his response, Appellant averred that his plea counsel was ineffective "for not following up with the plea." Appellant's Letter, 3/2/16, at 1. Appellant averred that (1) he never

---

[4] Attorney Neugebauer also filed a Motion to Withdraw on July 13, 2016.

refused a plea offer of 2 to 5 years' incarceration; (2) he only "requested time for consideration" of the offer; (3) his plea counsel never followed up with him about the offer; and (4) the next time he came to court the offer was no longer available. *Id*. Appellant believes plea counsel's inaction constituted ineffectiveness. *Id*.

Before we consider Appellant's arguments, we must review Attorney Neugebauer's request to withdraw from representation. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id*. The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id*. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Neugebauer has complied with each of the above requirements. In addition, Attorney

Neugebauer sent Appellant copies of the **Turner**/**Finley** no-merit letter and his Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Neugebauer permission to withdraw. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Neugebauer has complied with the **Turner**/**Finley** requirements, we now proceed with our independent review of the record and the merits of Appellant's ineffective assistance of plea counsel claim as it was raised in the 1925(b) Statement.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. **Id**.

To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the

test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant's underlying claim of plea counsel's ineffectiveness lacks merit. As the PCRA court opined:

> In this case, the defendant rejected the original plea offer by the District Attorney of 30 to 60 months. At the plea offer proceeding, the Court stated:

> And what I have said is that if a plea agreement is offered and not accepted, when we come back for your jury selection we're not going, there is no more negotiation and the court will not be bound by any plea agreement and any offer by the District Attorney is not going to bind the court. (N.T., 1/26/2015, p. 3-4).

> The plea agreement Mr. Rivera eventually signed stated "Except as expressly provided otherwise herein. there is no other agreement as to sentence or any other matter." The Court began the guilty plea /sentencing hearing as follows:

> "... [Trial counsel] Mr. Gleason has outlined the fact that each of those cases can carry a ten year jail term and the controlled substance charge can carry up to $100,000 in fines, the weapons charge up to $25,000 in fines. The guidelines that apply here, on the delivery charge can carry up to three to 14 on the low end. You know what that is? They suggest to me a sentence, I have to give you a good reason to go above or below. Not to possess a firearm, you would face three to four years, 36 to 48 months. You understand those are the suggested sentencing ranges ?" The defendant answered, "Yes, sir." (N.T., 2/5/15, pgs. 2-3).

> At PCRA hearing, the defendant conceded that he was aware of the possibility that he could receive a concurrent sentence or a consecutive sentence. (N.T. 9/14/15, p. 14). We concluded that the defendant was aware, at the time of his guilty plea colloquy, that the sentences on the two unrelated criminal convictions could be consecutive. Moreover, the defendant by his bare assertion failed to prove by a preponderance of

evidence that trial counsel neglected to inform him of the possibility of consecutive sentences.

PCRA Court Opinion, filed 11/13/15, at 2.

We conclude the record supports the PCRA court's determination. With respect to the issues Appellant raised in his March 2, 2016 Letter, they were not raised in Appellant's Pa.R.A.P. 1925(b) Statement and are, therefore, waived. *See* Pa.R.A.P. 1925; ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (holding that any issues not raised in a court-ordered 1925(b) statement will be deemed waived).

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed. Petition to Withdraw granted.

Judge Olson Concurs in Result.

Judge Platt Concurs in Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016